BOWLES, Administrator, O. P. A., v. RED TOP MILK CO.

No. 1285.

District Court, E. D. Wisconsin.

Feb. 16, 1944.

Bruno V. Bitker, Lee K. Beznor, and John J. Burke, of Milwaukee, Wis., for plaintiff.

Robert H. Oberndorfer, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

The complaint alleges that the defendant is engaged in the business of buying and selling dried skim milk and dried buttermilk; that defendant has violated Sec. 4 (a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 901 et seq. as amended, by violating Maximum Price Regulation 280; and that said regulation established maximum prices for dried skim milk and dried buttermilk when sold for animal feed, and prohibits the sale and delivery of such products at prices in excess thereof. Count 1 alleges that defendant since on or about December 3, 1942, has sold and delivered dried skim milk and dried buttermilk used as animal feed at prices higher than the maximum prices provided in Maximum Price Regulation 280. Treble damages of $75,000 are demanded in count 2.

Plaintiff has moved for a temporary injunction and has filed an affidavit by an O.P.A. inspector which sets forth that the highest price defendant charged from September 28, 1942, to October 2, 1942, for dried skim milk and dried buttermilk used for animal feed was $8.75/cwt. in less than carload lots; that thereafter defendant charged and received for such products prices ranging up to $12.75/cwt.; and that between April 1, 1943, and October 1, 1943, defendant received $25,000 in excess of the proper maximum prices established by Maximum Price Regulation 280.

Defendant has filed an affidavit by the president of the defendant corporation which alleges that defendant is engaged in the business of a broker of dairy products, negotiating sales of dairy products between sellers and purchasers, and denying it is engaged in the business of buying and selling dried skim milk or buttermilk for animal feed except as an agent for others; that the only commodity sold by said defendant is the services rendered in negotiating the sale of the commodity between the sellers and buyers, and in arranging schedules, storage facilities, and credit accommodations; and that defendant's compensation is computed at the rate of a certain fraction of a cent per pound of the commodities handled and is not dependent on the sale price of the products.

Sec. 205(a) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925 (a), provides: "Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, * * * he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

A determination of the question of whether the trial court has any discretion in the granting of or refusal to grant a temporary injunction where a violation of

the price regulations is clearly established is now pending before the United States Supreme Court. In the case of Brown v. Hecht Co., App.D.C., 137 F.2d 689, the Circuit Court of Appeals for the District of Columbia held that an injunction is to be granted as of course when violations of the act are found, and that only the affirmative or negative character of the order and its other details are left to the court's discretion. Certiorari has been granted, 64 S.Ct. 81, and the case has already been argued before the Supreme Court. Hecht Co. v. Bowles, 64 S.Ct. 587. I do not agree with the conclusion reached by the Court of Appeals, and unless and until the Supreme Court affirms such decision, will hold that there is some discretion residing in the trial court as to whether or not an injunction should issue.

However, in the case at bar, this court would not hesitate to issue a temporary injunction if there were no doubt that the defendant had made sales at prices in excess of those stated in the maximum price regulation. But assuming that the defendant is only a broker and an agent of those who sell and buy the dairy products in question, and that his compensation does not depend upon the price at which said products are sold, the question to be decided on this motion is whether the injunction should issue as to it.

■ When an injunction, either temporary or permanent, is issued against a person or concern, it is common practice to restrain not only that person or concern but also their agents, representatives, and employees. If whoever made the sales could be restrained from continued violation of the maximum price regulation, and the defendant, acting as agent, could likewise be restrained, why should not the defendant, whether acting as principal or agent, be enjoined from continuing whichever of its activities results in the sale of these products at greatly in excess of the maximum permissible prices? Defendant contends it represents one hundred different sellers, and implies that they are the ones who should be restrained. But the defendant at least delivered the products on various occasions, and such activity comes within the purview of the statute and the regulations.

The government contends that the continued practice of the defendant is raising havoc in the industry and disrupting the market. If the proper ceiling is $8.75/cwt. and this defendant is rendering its assistance to sales as high as $12.75/cwt., it may well be that such activities would create chaos in the industry and disrupt the market.

A temporary injunction may issue. Attorneys for the plaintiff will prepare the formal findings of fact and conclusions of law. Such findings, however, shall not cover plaintiff's contention that the defendant actually assumes all of the responsibilities of ownership, and that the defendant was in fact the owner of the property sold. A determination on these points will await the trial.